UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

ANTHONY L. FLETCHER,
    Plaintiff,

vs.          07-1231

UNITED STATES MARSHAL DEATHRIDGE, et al.,
    Defendants.

**CASE MANAGEMENT ORDER #2**

This cause is before the court for consideration of the plaintiff's motion for leave to file an amended complaint [d/e 38] and motion for free copies [d/e 37].

On October 1, 2007, the court conducted a merit review of three complaints filed in one month's time by the plaintiff in the Central District of Illinois. The complaints each alleged that the plaintiff's constitutional rights had been violated at the Tazewell County Jail. *See* October 1, 2007. The court discovered that the plaintiff had previously accumulated three strikes pursuant to 42 U.S.C.§1915(g) and therefore could not proceed *in forma pauperis* unless he could demonstrate that he was in imminent danger of serious physical injury.

The court dismissed all claims but one: that the defendants were deliberately indifferent to his serious medical condition. The plaintiff claimed that severe heat in a transport van and the use of pepper spray have sparked severe asthma attacks and he has been denied medical treatment for this condition. The court allowed the plaintiff to proceed on this one claim although his own attachments to the complaint were not very supportive of his allegations. *See* October 1, 2007 Court Order, p. 3.

The plaintiff's claim is against 12 defendants including Tazewell County defendants Robert Huston, Earl Helm, Jozef Szadkowski, Richard Brock, Garfield Saylor, Richard Johnson, Paul Malavotti, Dr. Stephen Cullinan, and Nurse Renae. The plaintiff has also named United States Marshal Deathridge and U. S. Deputy Marshal Jeffrey Dale. The plaintiff has not yet clarified how the named defendants are involved in his allegations.

The plaintiff has now filed a motion to amend his complaint with a proposed amended complaint attached. [d/e 38] The plaintiff's amended complaint contains 13 counts against 20 defendants including 8 new individuals. The plaintiff's amended complaint states the following claims:

Count I: Defendants Huston and Helm showed deliberate indifference to the plaintiff's health and safety by allowing jail employees to carry chemical weapons and allow them to use the chemical agents for "violations of minor or major rules." (Amd. Comp, p. 4)

Count II: Defendant Officer Brock on June 30, 2007 violated his constitutional rights by spraying

1

pepper spray at the plaintiff.

Count III: Defendants Officers Saylor, Johnston and Brock allowed the plaintiff to rinse his eyes, but refused the plaintiff medical care after he was sprayed with pepper spray on June 30, 2007. The plaintiff does not claim he had an asthma attack.

Count IV: Defendant Officer Brock brought the plaintiff an asthma inhaler that was not prescribed for him.

Count V: Defendant Officer Szadowski on May 26, 2007 yelled slanderous comments about the plaintiff.

Count VI: Defendant Officer Szadowski and Defendant Officer Malovolti transported the plaintiff in a van without proper ventilation in extreme heat. The plaintiff claims he had an asthma attack and was not provided medical care.

Count VII: Defendants Dr. Cullinan and Nurse Renae Alexander refused any treatment for the plaintiff's asthma condition.

Count VIII: Defendants Dr. Cullinan, Nurse Renae Alexander, Huston and Helm have failed to provide the plaintiff with an asthma inhaler.

Count IX: Defendants Dr. Cullinan and Nurse Alexander failed to check the plaintiff's blood sugar levels even though he has a history of diabetes.

Count X: Defendants Huston and Helm have exposed the plaintiff to the unsanitary practice of allowing employees to use and spit chewing tobacco.

Count XI: Defendants Deathridge, Dale and Simms were informed of the problems the plaintiff faced in the Tazewell County Jail from May, 2007 to the present and took no action.

Count XII: Defendants Dr. Cullinan, Nurse Alexander, Nurse Taylor, Nurse Jessica and Nurse Dickers falsely accused the plaintiff of putting his skin medication on an intercom speaker in October of 2007 and discontinued the medication.

Count XIII: Defendants Officer Potts, Mellory, Vansagh and Harper used chemical spray against the plaintiff.

   As the court has previously explained to the plaintiff, since he has already accumulated three strikes pursuant to 28 U.S.C. § 1915(g), he may only proceed *in forma pauperis* if his allegation is such that he is under "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The imminent danger inquiry is two-pronged. The first prong is whether the harm the plaintiff is alleging is imminent. The Seventh Circuit has construed this prong of the exception narrowly, holding that it is "an escape hatch for genuine emergencies," where "time is pressing" and "a threat ... is real and proximate." *Heimermann v. Litxcher*, 337 F.3d 781 (7th Cir. 2003). *See also Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002). The harm must be occurring "at the time

the complaint is filed." *Ciarpaglini v. Saini*, 352 F.3d 328. 330 (7th Cir. 2003).

The second prong of the imminent danger inquiry has to do with what the danger is. The statute says the danger must be of "serious physical injury." 28 U.S.C. § 1915(g). Finally, the Seventh Circuit has recognized that courts deny leave to proceed in forma pauperis "when prisoner's claims of imminent danger are conclusory or ridiculous." *Ciarpaglini,* 352 F.3d at 330.

Clearly, the claims in the plaintiff's amended complaint do not meet this standard. In addition, the plaintiff admits that in Counts I to Count XI he is simply restating claims the court has previously dismissed. The only claim that could place the plaintiff in imminent danger is his claim that he is not currently receiving care for his asthma condition. The plaintiff has alleged that the actions of the defendants are making his condition worse. Nothing else in the plaintiff's original complaint, nor his amended complaint puts the plaintiff in imminent danger. None of the new defendants are involved with this claim. Therefore, the court will deny the plaintiff's motion to amend his complaint.

The plaintiff is also reminded that a " defendant's direct personal responsibility for the claimed deprivation of a constitutional right must be established in order for liability to arise under 42 U.S.C. §1983." *Duncan v. Duckworth*, 644 F.2d 653, 655 (7th Cir. 1981). The plaintiff must be able to state how his named defendants are responsible for his allegation.

Finally, the plaintiff has also filed a motion for copies of pleadings. [d/e 37] The plaintiff appears to be asking for a copy of all filings in all cases. The plaintiff is responsible for keeping copies of documents he files with the court. The court will not provide the plaintiff with free copies of all documents he has filed in all cases in this court. If the plaintiff needs a specific document to continue this litigation, he may file a motion explaining which specific document is needed and why.

**IT IS THEREFORE ORDERED that:**

**1) The plaintiff's motion for leave to file an amended complaint is denied. [d/e 38]. The court will abide by the previously set scheduling deadlines.** *See* **January 23, 2008 Text Order.**

**2) The plaintiff's motion for free copies of all pleadings is denied. [d/e 37]**

Entered this 23rd day of October, 2008.

s\Harold A. Baker
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE